IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THORRIS J. WILLIAMS, #447886**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:07-CV-0703-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge, filed March 19, 2009. Respondent filed objections to the magistrate judge's report on March 23, 2009, and Petitioner filed objections on April 28, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Irma C. Ramirez found that Petitioner was not entitled to relief pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because he cannot show that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The magistrate judge determined that the petition was filed within the one-year statute of limitations under the AEDPA.

Respondent agrees with the magistrate judge's recommendation to deny the habeas petition, but he objects to her determination that the AEDPA limitations period was tolled while Petitioner's time credit dispute was pending. He also contends that even if the limitations period is tolled while

Petitioner's time-credit dispute was pending, it should only toll the period for 180 days, and therefore the petition would still be time barred. The magistrate judge considered and rejected these same arguments. The court determines that the limitations period is tolled during the pendency of Petitioner's time-credit dispute, and that more than 180 days may be considered in this context. Accordingly, the court **overrules** Respondent's objections.

Petitioner also makes several objections to the magistrate judge's report. He objects to the findings regarding his claims of an ex post facto violation and also argues that his sentence violates the separation of powers. With respect to his claim of an ex post facto violation, the magistrate judge held that there is no violation because the change in law would not have affected him because he was convicted of a violent felony. With respect to his separation of powers claim, Texas courts have specifically held that the fact that the parole board's discretionary decisions are not subject to judicial review does not violate the doctrine. Accordingly, the court **overrules** Petitioner's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus.

**It is so ordered** this 29th day of May, 2009.

_____
Sam A. Lindsay
United States District Judge